1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11    **RANDALL D. TOMLINSON,**             )   **Case No. LA CV 14-02094-VBF (KK)**
                                         )
12               **Petitioner,**            )   **ORDER Overruling Petitioner's**
                                         )   **Objections, Accepting the Findings and**
13         v.                             )   **Recommendations of the Magistrate**
                                         )   **Judge, Denying Federal Prisoner's**
14    JOHN F. CARAWAY, Warden,           )   **Section 2241 Habeas Corpus Petition,**
                                         )   **and Dismissing this Action**
15               Respondent.              )
                                         )
16    _____   )

17         Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for a Writ of

18    Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document ("Doc" 1), the respondent's

19    Return (Doc 9) and the accompanying declaration and exhibits (Doc 9-1), petitioner's

20    reply (Doc 17), the well-reasoned Report and Recommendation ("R&R") of the

21    Honorable Kenly Kiya Kato, United States Magistrate Judge (Doc 14), petitioner's

22    objections (Doc 16), the records on file, and the applicable law.  After engaging in a

23    de novo review of those portions of the R&R to which petitioner lodged specific

24    objection, the Court accepts the findings and recommendation of the Magistrate

25    Judge.  IT IS THEREFORE ORDERED as follows:

26

27         Petitioner's objections are OVERRULED.

28         The petition for a writ of habeas corpus is DENIED.

           This action is DISMISSED with prejudice.

As required by Federal Rule of Civil Procedure 58(a), final judgment will be entered by separate document.

As a federal prisoner, petitioner is <u>not</u> required to obtain a certificate of appealability in order to appeal to the U.S. Court of Appeals in this case. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir.2008) ("The plain language of § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.") (citing *Ford v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997))[1]; *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir.) (citations omitted), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012).

Dated:  September 16, 2014

_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

_____

[1]The relevant provision states as follows:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

(A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court [such as a petition pursuant to 28 U.S.C. § 2254]; or

(B)  the final order in a proceeding under section 2255.

28 U.S.C. section 2253(c)(1).  Our Circuit interprets section 2253 to require only habeas petitioners in custody pursuant to a *state-court* judgment to obtain a COA before appealing from a final order denying a § 2241 claim. *See Harrison*, 519 F.3d at 958 ("Although state prisoners proceeding under § 2241 must obtain a COA, *see* 28 U.S.C. § 2253(c)(1)(A), there is no parallel requirement for federal prisoners.").